# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **PEDRO DIAZ (B-46669),** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **No. 08 C 5591** |
| v. ) | |
| ) | **Judge George Marovich** |
| **ROGER WALKER, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Pedro Diaz, previously an inmate at the Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On initial review, Plaintiff's due process claims regarding his disciplinary hearing and resulting grievances were dismissed, resulting in the dismissal of Defendants Darryl Edwards, Christopher Cannon, Guy Pierce, Ed McNiel, Terri Anderson, Venita Wright, Jackie Miller, Melody Ford, Terry McCann, Roger Walker, Jr., and Jude Evans. Plaintiff's remaining claims included a claim that Defendants James Burzinski and Lee Banks filed false disciplinary reports against Plaintiff, resulting in Plaintiff being placed in disciplinary segregation and losing good time, and allegations that he was assaulted by unknown T.A.C. Team members and denied medical treatment from an unknown medical technician. Presently before the Court is Defendants' Burzinski and Banks' motions to dismiss for failure to state a claim. For the reasons stated in this order, the motion to dismiss is granted.

## BACKGROUND

A reading of the amended complaint supports the following summary of the alleged operative conduct of the parties:

On September 12, 2007, while housed at the Stateville Correctional Center, Plaintiff was placed in disciplinary segregation based on two false disciplinary reports filed by Burzinski and Banks. Burzinski issued a disciplinary report alleging that Plaintiff broke "every window" in his cell. Banks filed a false disciplinary report alleging that Plaintiff assaulted Banks. After Plaintiff was placed in disciplinary segregation, Burzinski intentionally held Plaintiff's personal belongings in an unsecured office to deny Plaintiff his personal property.

On September 18, 2002, Plaintiff was interviewed by Jude Evans, an investigator for the Illinois Department of Corrections. Plaintiff informed Evans that he had been placed in segregation after making a peaceful protest regarding the discriminatory denial of his property. He told Evans that a visual inspection of his cell would reveal that he did not break every window in his cell and that many windows on the tier were broken. Further, a review of the T.A.C. Team video would reveal that he did not assault Banks. He further told Evans that he was the one that was attacked by the T.A.C. Team and that he was denied meaningful medical treatment. Evans informed Plaintiff that he would investigate Plaintiff's allegations and provide Plaintiff with a copy of the findings. Plaintiff has not received a copy of Evans' findings.

Four days prior to appearing before the Adjustment Committee, Plaintiff mailed a statement/request for witnesses at the Adjustment Committee. At the September 17, 2007 Adjustment Committee hearing, Plaintiff provided the members a copy of his statement/request for witnesses. Plaintiff made a verbal request for an investigation which was denied. Plaintiff was

found guilty of the charges against him and received fifteen months in disciplinary segregation and lost fifteen months of good time.

Plaintiff alleges, in relevant part, that Burzinski and Banks violated his due process rights by falsifying disciplinary reports against him.

## ANALYSIS

A complaint need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief" that sufficiently provides the defendant with "fair notice" of the claim and the claim's basis. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, ___, 127 S. Ct. 1955, 1964 (2007). A plaintiff demonstrates that he is entitled to relief by showing through his allegations that "it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (quotation omitted); *see also Bell Atlantic*, 127 S. Ct. at 1965-66. The allegations "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Tamayo*, 526 F.3d at 1084 (quotation omitted). In making this determination, the complaint is construed in the light most favorable to the plaintiff, accepting as true the well-pleaded allegations, and drawing all reasonable inferences in plaintiff's favor. *Tamayo*, 526 F.3d at 1081. Furthermore, *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006). However, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006).

Burzinski and Banks argue that Plaintiff fails to state a Section 1983 claim against them in both their individual and official capacities. In his response brief, Plaintiff does not dispute

3

Defendants' arguments. Instead, Plaintiff argues that his excessive force claim remains a viable claim.

Plaintiff's individual capacity due process claims against Burzinski and Banks stem from the alleged false disciplinary reports that resulted in Plaintiff being placed in segregation and losing good time. Plaintiff's due process claim regarding his placement in disciplinary segregation turns on whether he had a constitutionally protected liberty interest in avoiding such placement. *See Townsend v. Fuchs*, 522 F.3d 765, 771 (7th Cir. 2008). A prisoner does not have a liberty interest in avoiding placement in disciplinary segregation. *See Townsend*, 522 F.3d at 772; *Gillis v. Litscher*, 468 F.3d 488, 492 (7th Cir. 2006). Thus, Plaintiff's claim as to his placement in disciplinary segregation fails. Furthermore, Plaintiff's claim that he was denied due process resulting in his conviction of false charges and the loss of good time credits cannot be brought in a civil rights action until the underlying disciplinary conviction is invalidated or overturned because a judgment in his favor would imply the invalidity of the conviction. *See Edwards v. Balisok*, 520 U.S. 641, 644-46 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Stone-Bey v. Barnes*, 120 F.3d 718, 721 (7th Cir. 1997). Thus, the claim based on the loss of good time is barred.

As to claims brought against Burzinski and Banks in their official capacities, claims filed against government officers in their official capacity are actually claims against the government entity for which the officers work. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). The Eleventh Amendment, which precludes an individual from suing a state or state agency for money damages, of which Plaintiff seeks money damages, in federal court without the state's consent, bars Plaintiff's official capacity claims for money damages against the Defendants. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).

Furthermore, Plaintiff's claims for declaratory relief are moot because he is no longer housed at Stateville Correctional Center and there are no allegations that he is likely to be transferred back to that institution. *See Pearson v. Welborn*, 471 F.3d 732, 743 (7th Cir. 2006); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995).

Based on the above, Defendants' motion to dismiss is granted. Plaintiff's claims against Burzinski and Banks are dismissed.

In light of the dismissal of Defendants Burzinski and Banks and the previous dismissal of the other named Defendants, all of the named Defendants have been dismissed from the suit. The Plaintiff still has claims of excessive force and the denial of medical treatment against unknown Defendants. However, Plaintiff cannot obtain damages from the Defendants unless he serves them personally in accordance with Fed. R. Civ. P. 4, which he cannot do without knowing their names. To allow Plaintiff to proceed on the complaint as it now stands would therefore get him nowhere.

In this circuit, the courts recognize a useful fiction to permit *pro se* litigants an opportunity to discover the identities of those who were personally involved in the alleged actions underlying their complaint. When a plaintiff does not know the names of the persons who actually injured him, the law permits the court, at the pleading stage, to make an inference of responsibility on the part of the unknown defendants' immediate supervisor. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dep*t., 95 F.3d 548, 556 (7th Cir. 1996). Consequently, if Plaintiff wants to pursue his claims, he should amend the complaint to add as Defendant a supervisory official or administrator who is in a position to identify the unknown Defendants. Once Plaintiff has obtained service on the supervisor, and an attorney has entered an appearance on the

supervisor's behalf, Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the Defendants who allegedly violated Plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After Plaintiff learns the Defendants' identities, he may again ask leave to amend the complaint to substitute their names for those of the unknown Defendants. Summonses will then issue for service on the Defendants in interest and the supervisory Defendant will be dismissed. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the unknown Defendants as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

Subsequent to Defendants' reply brief being filed, Plaintiff filed a motion for leave to file a second response to the motion to dismiss. In that motion, Plaintiff alleges that Banks is a T.A.C. Team member and that he initiated the attack on Plaintiff. However, these allegations were not made in Plaintiff's complaint and he indicated that the T.A.C. Team members were unknown. Plaintiff cannot amend his complaint through a response to the pending motion to dismiss. *See Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996); *Car Carriers v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). As discussed above, Plaintiff is given leave to file an amended complaint. Accordingly, Plaintiff's motion for leave to file a second response to the motion to dismiss is granted. However, the second response does not alter the Court's ruling.

Accordingly, the Court dismisses the complaint on file. Plaintiff is granted thirty days in which to submit a second amended complaint adding as a defendant a supervisory official whom Plaintiff can serve and who can assist Plaintiff in identifying the unknown Defendants by name. Plaintiff must complete the second amended complaint on the forms required by Local Rule 81.1

(N.D. Ill.) and provide the Clerk with the original and two copies. The Clerk is directed to send Plaintiff an amended civil rights complaint form and instructions along with a copy of this order.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted. The Court dismisses the amended complaint on file. Plaintiff is granted thirty days in which to submit a second amended complaint as directed in this order. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. Failure to comply within thirty days will result in summary dismissal of this case, without prejudice. Plaintiff's motion for leave to file a second response to the motion to dismiss is granted.

Dated: March 16, 2009

_____
George Marovich
United States District Court Judge